TYSON, Judge.
George E. Warren filed a petition for writ of error coram nobis in the Russell Circuit Court alleging that his trial counsel coerced him into pleading guilty to a mur *34 der charge and, therefore, his plea was involuntarily made and he should now receive a new trial. Following a hearing, the trial judge denied the petition and hence, this appeal.
The petitioner alleges that he did not want to plead guilty but did so because defense counsel told him he would withdraw from the case if he did not plead guilty. The following facts were established at the hearing on this petition.
I
The petitioner, along with Johnny Luke, was indicted for the capital murder of James Hughes. Before trial of this offense, defense counsel informed the petitioner of the weaknesses of his case and advised petitioner that it was in his best interest to plead guilty rather than take the chance of receiving a possible death sentence. Defense counsel also asked the petitioner’s father and his girl friend to talk to him about pleading guilty. The petitioner refused and the case went to trial.
After the State had presented two statements made by the petitioner and had rested its case, the petitioner asked defense counsel if he could get “some time.” Defense counsel then made the petitioner’s request known to the district attorney. After talking with the victim’s family, the district attorney offered the petitioner 50 years in return for his guilty plea. The petitioner accepted the offer and pled guilty to the offense of murder and received a 50 year sentence.
Following the hearing, the trial judge found that it was the petitioner who asked that the trial be stopped and who inquired about the possibility of a plea bargain. The trial judge’s findings state that the petitioner knowingly, intelligently and voluntarily pled guilty without coercion from anyone and with full knowledge of his rights and this sentence.
The record clearly supports the trial judge’s findings which determine that this petition is wholly without merit. It is obvious that the petitioner pled guilty to avoid the possibility of receiving a death sentence and he did so of his own free will.
This record is free of error and this cause is, therefore, affirmed.
AFFIRMED.
All the Judges concur.